**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| | § | Cr. No. C-05-193 |
| v. | § | |
| | § | |
| ANDREW JAY WILLETT. | § | |

## ORDER

Defendant Andrew Jay Willett ("Defendant") pleaded guilty in this case pursuant to a written plea agreement that included a limited waiver of his appellate rights. (D.E. 20).  He was sentenced by the District Court, and judgment in his criminal case was entered on November 15, 2005. (D.E. 25).  Defendant filed a timely notice of appeal *pro se*.  (D.E. 26). On January 19, 2006, the Clerk received from him a motion requesting both the appointment of appellate counsel and leave to proceed on appeal *in forma pauperis*.  (D.E. 33).

By Order entered March 9, 2006, the undersigned noted that Defendant, who was represented by retained counsel throughout his criminal proceedings, had not provided any factual information to show that he no longer has the financial means to pay the filing fees or afford counsel, nor had he provided an affidavit of indigency so that the undersigned could determine whether he is financially eligible to proceed *in forma pauperis* under 18 U.S.C. § 3006 and Fed. R. Crim. P. 44.  (D.E. 37).  The undersigned also noted that he had failed to provide a statement of the issues he intended to present on appeal, as required by Fed. R. App. P. 24(a)(1)(c).

1

On March 20, 2006, Defendant filed a declaration in support of his *ifp* motion, which contains a certification from an authorized officer of his institution that his inmate account contains $960.00.  He also states that he receives approximately $160 to $200 per month from friends and family.  His filing also included a statement setting forth the issues he intends to raise on appeal. (D.E. 40).

As an initial matter, one of the issues that Defendant intends to raise on appeal is that there was a violation of his plea agreement, an issue that potentially calls into question the validity of his appellate waiver.  Because of this, the undersigned cannot state that his appeal is not taken in good faith.  Nor has the district court so certified.  See Fed. R. App. P. 24(a).

Based on his application, it appears that Defendant has the resources to pay the $255 filing fee.  Moreover, he has the resources to make a payment of not more than $300 toward the transcripts in this case.  Accordingly, his motion to proceed *in forma pauperis* is DENIED insofar as it seeks a waiver of the appellate filing fee and DENIED insofar as it relates to the first $300 of transcripts costs.[1]  If the transcripts cost more than $300, however, the motion is GRANTED as to those additional transcript expenses. After those payments, he will be considered indigent on appeal.

---

[1]  In all likelihood, the only pertinent transcripts in the case, from his rearraignment and his sentencing, will cost less than $300.  Obviously, Defendant is expected only to pay the actual costs of the transcripts, or $300, whichever is less.

Finally, after having paid the filing fee and paid for the transcripts, the undersigned finds that Defendant will no longer have the resources to retain counsel.  Thus, Defendant is entitled to appointed counsel on appeal, pursuant to Fed. R. Crim. P. 44.

Consistent with the foregoing, Defendant's motions to proceed *in forma pauperis* (D.E. 33, 40) are GRANTED IN PART AND DENIED IN PART as set forth above. Additionally, the Office of the Federal Public Defender is hereby appointed to represent Defendant on appeal.

It is ORDERED this 23rd day of March, 2006.


_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE